## DeWitt v. Lacotts.

Opinion delivered July 1, 1905.

1. MUNICIPAL ORDINANCE—DECLARING DRUNKENNESS A NUISANCE.—A town ordinance declaring it a nuisance for any person to appear or be found on any street, alley or public square of the town, in a state of intoxication or drunkenness, is not in conflict with Kirby's Digest, § § 2550, 2552, 2553, providing for the arrest and punishment of drunken persons, and is a valid exercise of the power given to cities and towns by Kirby's Digest, § 5438, to prevent by ordinance injury or annoyance within the limits of the corporation from anything dangerous, offensive or unhealthy," and § 5461, *Id.*, authorizing the publication of such ordinances as are necessary for the suppression of "disorderly conduct." (Page 250.)

2. SAME—NUISANCE AND DISORDERLY CONDUCT.—Drunkenness in a public place is a nuisance and disorderly conduct within Kirby's Digest, § § 5438, 5461, authorizing the prevention of nuisances and suppression of disorderly conduct. (Page 251.)

Appeal from Arkansas Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed.

*H. Coleman* and *John F. Park,* for appellant.

*L. C. Smith,* for appellee.

McCULLOCH, J. Appellee was tried and convicted by the mayor of the incorporated town of DeWitt upon a warrant of arrest charging him with violation of an ordinance of the town providing that "it shall be unlawful and it is hereby declared a public nuisance for any person to appear or be found on any street, alley or on the public square of DeWitt in a state of intoxication or drunkenness." He appealed to the circuit court of Arkansas County, where the case was tried before a jury upon an agreed statement of facts to the effect that he was drunk on the streets of the town on the day named and as charged in the warrant of arrest. The court held that the ordinance was void, and directed the jury to return a verdict of not guilty, which was done, and the town appealed to this court.

We are not favored with a brief or argument in behalf of appellee in support of the decision of the court, but it is disclosed

in the bill of exceptions that the ordinance was adjudged to be void on the grounds that it is in conflict with sections 2550, 2552 and 2553 of Kirby's Digest. Those sections of the statutes provide that "it shall be the duty of all peace officers to arrest any drunken person whom they may find at large and not in the care of some discreet person, and take him before some magistrate of the county, city or town in which the arrest is made," who may "order him to be confined until he becomes sober." The next section provides that the magistrate may require of such person "security for his good behavior, and for keeping the peace for a period of not exceeding one year." Municipal corporations are by statute given the power to prevent by ordinances "injury or annoyance within the limits of the corporation from anything dangerous, offensive or unhealthy, and to cause any nuisance to be abated within the jurisdiction given to the board of health." Kirby's Dig. § 5438. In the case of Ex parte *Foote,* 70 Ark. 12, 65 S. W. 706, 91 Am. St. Rep. 63, this court said that "these statutes endow municipal corporations with power to prevent and abate nuisances, but they do not authorize the declaration of anything to be a nuisance which is not so in fact." But the court in that case upheld an ordinance declaring the keeping of a stallion or jack within the limits of the corporation to be a nuisance, and punishable by fine. Kirby's Digest, § 5461, is as follows: "It is made the duty of the municipal corporation to publish such by-laws and ordinances as shall be necessary to secure such corporations and their inhabitants against injuries by fire, thieves, robbers, burglars and other persons violating the public peace; for the suppression of riots, and gambling, and indecent and disorderly conduct; for the punishment of all lewd and lascivious behavior in the streets and other public places; and they shall have power to make and publish such by-laws and ordinances, not inconsistent with the laws of this State, as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of such corporations and the inhabitants thereof." These statutes undoubtedly authorize the ordinance in question. A municipality may, by ordinance, declare drunkenness in a public place to be either a nuisance or disorderly conduct, and punish it as such. It

is a matter of common knowledge that drunkenness in a public place is offensive to all who come in contact with the person in that condition. It is a nuisance and disorderly conduct, within the meaning of the statute, and may be declared to be such. Nor is the ordinance in any wise conflicting with the statute authorizing the arrest by a peace officer of the State of a drunken person found in a public place. *Brizzolari* v. *State,* 37 Ark. 364.

The judgment is reversed, and remanded for a new trial.