BROOKE *v.* STATE.

Opinion delivered June 1, 1908.

1. MUNICIPAL ORDINANCE—MAKING DRUNKENNESS A CRIME.—A city ordinance making it a misdemeanor for any person to appear in any public street in a drunken or intoxicated condition is valid. *DeWitt* v. *Lacotts,* 76 Ark. 250, followed. (Page 365.)

2. INSTRUCTION—NECESSITY OF DEFINITION OF DRUNKENNESS.—It was not error, in a prosecution for appearing in a public street in a drunken condition, to leave to the jury to determine the condition of the defendant as to drunkenness or sobriety, without defining these terms. (Page 365.)

3. DRUNKENNESS—SUFFICIENCY OF EVIDENCE.—Evidence, in a prosecution of one for being drunk in a public street, that accused was drinking, and showed some signs of the effect of strong drink, but that he was attending to his business in an orderly manner, and had not lost control of his faculties, was insufficient to sustain a conviction. (Page 365.)

Appeal from Conway Circuit Court; *J. Hugh Basham,* Judge; reversed.

*J. A. Gillette,* for appellant; *W. P. Strait,* of counsel.

1. The council had only such powers as were given the municipality by statute, and nowhere does the State law delegate the authority sought to be exercised. 45 Ark. 336; 49 *Id.* 165; 31 *Id.* 462; Act 1907, p. 290.

2. The court erred in its definition of drunkenness or intoxication, and the remarks of the prosecuting attorney were prejudicial. 94 Ala. 441; 93 Ga. 196; 11 Cush. (Mass.) 479; 130 Ill. 234; 10 A. & E. Enc. Law, p. 276; 89 Ala. 8; 111 *Id.* 482; 40 Ark. 511; 34 *Id.* 341; 54 *Id.* 284; 60 *Id.* 610; 98 Ill. 108; 39 Md. 258; 2 Kent, Com. 451; 7 Bush (Ky.) 276; 35 Conn. 170; 22 Mo. App. 488; 20 S. W. 744; 46 Mo. 414; 72 Tex. 312; 89 Va. 576; 26 Ala. 338; 2 Head (Tenn.) 289.

3. The verdict is palpably against the weight of evidence. 65 Ark. 278; 34 *Id.* 632; 10 *Id.* 492.

HILL, C. J. The city of Morrillton has an ordinance making it a misdemeanor for any person to appear in any public street in a drunken or intoxicated condition; and Brooke was arrested under it, and fined in the mayor's court, and again in the circuit court, and has appealed.

It is insisted that the ordinance in question is not valid. The argument is made that this ordinance goes further than the act of the General Assembly of 1907, which made it a misde-. meanor for any person to appear at public gatherings in a drunken or intoxicated condition. Acts 1907, c. 112. It is true that the ordinance and the act do not cover identically the same offenses, and it is true the city could, by ordinance, adopt the act of the Legislature. But it is not compelled to do so in order to have a valid ordinance on the subject. In *DeWitt* v. *Lacotts,* 76 Ark. 250, the court sustained a similar ordinance as a valid exercise of the police power under section 5438 of Kirby's Digest. This decision is attacked; but the court is satisfied of its soundness and declines to overrule it.

The instructions of the court are criticised. The court did not attempt to give any definition of the term drunkenness as used in the ordinance, but left the condition of the defendant as to drunkenness or soberness to be determined by the jury under the evidence. It was said in *Midland Valley Ry. Co.* v. *Hamilton,* 84 Ark. 81, of the terms drunkenness and soberness: "In fact, it may be doubted whether these terms are susceptible to any accurate definition for practical purposes. They 'sufficiently define themselves, and it would have been better to leave it to the jury, without attempt at definition, to determine what the condition of the plaintiff was in this respect." The instructions given were not misleading, and the verdict, if sustained by sufficient evidence, would stand.

The evidence on the part of the city proved that appellant was drinking, and that he showed some of the signs of the effect of strong drink; but he was attending to his business in an orderly manner, and had not lost control of his faculties. The Standard Dictionary gives the following definition of drunk: "Under the influence of intoxicating liquor to such an extent as to have lost the normal control of one's bodily and mental faculties, and, commonly, to evince a disposition to violence, quarrelsomeness and bestiality." This definition has received judicial approval, and is in accord with the authorities. *Sapp* v. *State,* 116 Ga. 182.

Tested by it, the evidence was not sufficient to sustain a conviction under this ordinance.

Reversed and remanded.