Simmons v. State.

Opinion delivered June 27, 1921.

1. Drunkenness on public highway—Evidence.—A conviction of appearing in a drunken or intoxicated condition on a public highway, under Crawford & Moses' Digest, § 2626, is sustained by proof tending to show that defendant was in an intoxicated condition on a certain road leading from a church which was being traveled by the public, and also on a street in a certain town.

2. DRUNKENNESS—INSTRUCTION DEFINING.—It was not error to instruct the jury, in a prosecution for appearing in an intoxicated condition on a public highway, that "one does not have to be under the influence of whiskey to such an extent as to become boisterous, or stagger, or be, as is sometimes called, 'down drunk'; that whenever the whiskey causes a man to be out of the ordinary in his general demeanor, it is sufficient under what the law terms in this case as intoxicated."

Appeal from Pike Circuit Court; *James S. Steel,* Judge; affirmed.

*W. T. Kidd* and *Pinnix & Pinnix,* for appellant.

1. There was a total lack of evidence tending to prove that appellant was drunk or intoxicated on a public highway. C. & M. Digest, §§ 2626, 3028. One can not be charged with the commission of a crime in a particular way or place and convicted by showing that the crime was committed in a different way or place. 64 Ark. 188; *Ib.* 23; 23 *Id.* 550. The crime must be proved as alleged. 31 Ark. 49; 62 *Id.* 459; 84 *Id.* 285; 71 *Id.* 415; 64 *Id.* 188; 37 *Id.* 408; 36 *Id.* 178; 16 *Id.* 499; 114 *Id.* 312; 129 *Id.* 364.

2. The court erred in its instruction to the jury that if they believed beyond a reasonable doubt that defendant at the time and place mentioned in the indictment or any other time or place within twelve months was drunk or intoxicated on a public highway or street, he was guilty. This was error, as the indictment did not charge defendant with being drunk on a street or alley or at a public gathering. Evidence of other crimes is not admissible on the trial for another crime than the one charged. 20 Kan. 311-19.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. Appellant was guilty under C. & M. Digest, § 2626. This section does not mean a highway established by proper orders of the county court, necessarily; it simply means *any* highway that the public may use.

2. Appellant made no objections to the testimony offered below, and can not raise the question for the first time on appeal. 130 Ark. 11; 110 Ar. 117.

3. A general objection *in gross* to several instructions will not be considered if any one of them is good. 105 Ark. 157.

4. Evidence of other sales of liquor is admissible to show a plan or system on part of the accused to engage unlawfully in the liquor business. 131 Ark. 450; 18 A. & E. Ann. Cases 850-1; 97 S. W. 92; 45 Md. 33; 108 N. W. 6; 135 Ark. 163. See, also, 86 Ark. 364.

WOOD, J.  The appellant was tried on an indictment charging that on the 15th day of February, 1921, in the county of Pike, State of Arkansas, he "did unlawfully appear on the public highway in a drunken and intoxicated condition." One of the witnesses introduced by the State testified, without objection, that he saw the appellant at Mt. Maria in Pike County at a picnic in January, 1921; that *he came up the road* to Mt. Maria; that he didn't seem to walk exactly straight and talked more than usual. Witness smelled whiskey on appellant's breath, and from his actions and conduct witness considered him intoxicated. Part of the time they were at the churchhouse, and part of the time on the road going from the churchhouse. Witness overtook appellant *on the road* a quarter or half mile from the church and smelled whiskey on his breath. Appellant was *going along the road* with a girl.

Another witness testified that she went with the appellant to the school house, and she thought he was intoxicated, and she didn't go home with him because she thought he was drinking. She smelled whiskey. She was asked if she noticed anything out of the ordinary about appellant's actions and conduct and answered, *"Well, he was rather funny that day."* Witness smelled the whiskey at Luther Alford's.

Another witness, the deputy sheriff of the county, testified that he attended the singing at Mt. Maria on the occasion mentioned, and saw appellant, and thought he was drinking, but didn't smell any whiskey on him. Witness had seen appellant "lots of times, and anybody acquainted with him can tell it when he is drinking."

It is easy to detect. Witness and appellant used to drink together—"had drunk together many times." He wasn't out of the way, was laughing, funny and jovial. Witness was asked the following question: "Q. Was he attending to his own business and conducting himself in an orderly way?" "A. He was while I was with him, but after I went back to the house he started on toward my father's and met my sister in the road, and I thought he was trying to shake hands with her. I don't know whether that was what he was trying to do or not." Witness saw appellant intoxicated or drunk one night at the Forty-ninth Show on the street. *He was then acting out of the ordinary,* but not disturbing anybody, was attending to his own business and conducting himself in an orderly way. Witness watched him for an hour or more on account of his condition.

Appellant himself testified that he was not drunk or drinking on the occasion mentioned; that he had no liquor and didn't see any, and several witnesses testified in his behalf, corroborating the testimony of appellant to the effect that he was not drunk.

The court instructed the jury as follows: "If you believe beyond a reasonable doubt that the defendant at the time and place mentioned in the indictment, or any other time within twelve months before the finding of the indictment in this case, was in a drunk or intoxicated condition on a public highway or on a street or alley of the town, or any public gathering, you will find him guilty. I want to state, gentlemen, in a case like this, you don't have to be under the influence of whiskey to such an extent that you become boisterous, stagger, or be, as we sometimes call, down drunk. Whenever the whiskey causes a man to be out of the ordinary in his general demeanor, it is sufficient under what the law terms in this case as intoxicated." The appellant objected to the giving of the instruction. The court overruled the objection, and the appellant duly excepted to the court's ruling.

The appellant presented the following prayer for instruction: "The court instructs the jury that, although you may find from the evidence in the case that the defendant had drunk intoxicating liquors, yet if you further find from the evidence that he was attending to his own business in an orderly way and in control of his faculties, then he would not be guilty of the offense charged against him, and it would be your duty to acquit him." The court overruled appellant's prayer for this instruction on the ground that he had already embodied the purport of that prayer in the instruction given the jury. The appellant duly excepted to the ruling of the court. The jury returned a verdict of guilty against the appellant and assessed his fine at the sum of $10. From the judgment rendered on that verdict is this appeal.

1. The appellant contends that there is a total lack of evidence tending to prove that appellant was in a drunken and intoxicated condition on the public highway. Section 2626 of Crawford & Moses' Digest reads as follows: "Any person or persons who shall appear at any public gathering of any kind or upon any public highway, street, park or thoroughfare, or on any train in this State, in a drunken or intoxicated condition shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than ten dollars, nor more than twenty-five dollars." The terms, "highway," "street," and "thoroughfare," are used in the statute synonymously. The words "road" and "highway" are used indiscriminately throughout our statute and mean the same. Chapter 81, Crawford & Moses' Digest, "Highways."

The word "highway," is used in this statute, was intended to embrace any road or thoroughfare used and traveled by the public, even though the same was not laid out by the county court and technically designated as a public road or highway. "Highway" is used in its popular rather than its technical sense, and is synonymous with "road," which is "an open way of public passage

for vehicles, persons and animals.'' Webster's New International and Funk & Wagnall's dictionaries.

There was testimony in the record tending to show that the appellant was in an intoxicated condition on a *road* leading from the churchhouse at Mt. Maria, which was being traveled by the public, and also on the street in Murfreesboro. This testimony was sufficient to sustain the charge as far as the word ''highway'' is concerned, for a ''street'' is ''a public highway.'' Webster's New International Dict. The *road* was being used by the public.

2. The appellant next contends that the court erred in telling the jury that ''one does not have to be under the influence of whiskey to such an extent as to become boisterous or stagger or be, as sometimes called, down drunk; that whenever the whiskey causes a man to be out of the ordinary in his general demeanor, it is sufficient under what the law terms in this case as intoxicated'' and erred in refusing to instruct the jury that ''if appellant was attending to his own business in an orderly way and in control of his faculties, then he would not be guilty of the offense charged against him.'' There was no error in these rulings of the court.

In *Brooks* v. *State,* 86 Ark. 364, the court had under review an ordinance of the city of Morrilton which made it a misdemeanor ''for any person to appear in any public street in a drunken or intoxicated condition.'' In that case the evidence showed that the defendant was drinking, and he showed some signs of the effect of strong drink, but he was attending to his own business in an orderly manner and had not lost control of his faculties. The court held that the evidence was not sufficient to sustain the charge, and we approved the following definition of ''drunk'' taken from the Standard Dictionary: ''Under the influence of intoxicating liquor to such an extent as to have lost the normal control of one's bodily and mental faculties, and, commonly, to evince a disposition to violence, quarrelsomeness and bestiality.'' Some of the common effects of being under the influence

of intoxicating liquor, or drunk, are there given, towit: "A disposition to violence, quarrelsomeness and bestiality." But these are by no means the only results or exhibitions that may be included in the definition.

"Drunk and speak parrot? and squabble? swagger? swear? and discourse fustian with one's own shadow? O thou invisible spirit of wine, if thou hast no name to be known by, let us call thee devil!" Othello, Act I, Scene 3.

The statute was broad enough to include, and does include, the manifold manifestations of the influence of intoxicating liquors, upon varying temperaments, when such influence becomes so pronounced over one's bodily or mental faculties as to put them beyond normal control, so that in acts or words one is liable to become a nuisance to fellow travelers upon the public highway, or to those with whom he comes in contact at the other places designated in the statute. See *Sepp* v. *State,* 116 Ga. 182, and cases there cited.

In *Midland Valley Railroad Co.* v. *Hamilton,* 84 Ark. 81, speaking of the terms "drunkenness" and "soberness," we said: "It may well be doubted whether these terms are susceptible to any accurate definition for practical purposes. They sufficiently define themselves, and it would have been better to leave it to the jury, without attempt at definition, to determine what the condition of the plaintiff was in this respect."

In *Brooks* v. *State, supra,* we held that "it was not error, in a prosecution for appearing in a public street in a drunken condition, to leave to the jury to determine the condition of the defendant as to drunkenness or sobriety, without defining these terms."

Under the above authorities the trial court might, very properly, have refrained from defining the words "drunken" and "intoxicated" used in the statute; but, since the trial court did not take that course, it can not be said that the definition embodied in the instruction was erroneous. On the contrary, the court apprehended and declared the meaning of these words as they were

intended by our lawmakers. The prayer of appellant was correct, but the court did not err in refusing it because it was sufficiently covered by the court's charge.

The record shows no error, and the judgment is therefore affirmed.