JOE PARSONS V. THE STATE.

No. 23345. Delivered May 8, 1946.
Appellant's Motion for Rehearing Overruled (Without Written Opinion) June 5, 1946.

396

The opinion states the case.

*B. B. Shappell* and *C. L. Harris*, both of Lubbock, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted as a second offender against the law of driving an automobile, while intoxicated, on a public highway, to-wit, New Mexico Street, in the town of Slaton, in Lubbock County, Texas; and his punishment was assessed at confinement in the State penitentiary for a period of one year.

The record is before this court without any bills of exception or any objections to the court's charge.

Appellant, in due time, filed and presented a motion to quash the indictment on the ground that it failed to allege that the defendant operated an automobile upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city or town. The indictment, omitting the formal parts thereof, reads as follows:

"* * * that Joe Parsons on or about the 16th day of September, A. D., 1945, and anterior to the presentment of this Indictment, in the County and State aforesaid, did then and there unlawfully while intoxicated and while under the influence of intoxicating liquor, drive and operate an automobile upon a public highway open and used for traffic by the public, to-wit: New Mexico Street, in Slaton, Lubbock County, Texas."

Immediately succeeding the charge therein set forth, it was further alleged as follows:

"That the said Joe Parsons, was duly and legally convicted in cause No. 9197, in the County Court of Lubbock County, Texas,

of the misdemeanor offense of driving and operating an automobile upon a public street in said county and state while intoxicated and while under the influence of intoxicating liquor, said last named misdemeanor offense having been committed by the said Joe Parsons on or about the 21st day of December, 1944, and judgment duly pronounced thereon in said cause on December 21, 1944, and of which said misdemeanor offense the said County Court of Lubbock County, Texas, had jurisdiction. And which said misdemeanor offense in said cause No. 9197 was committed and judgment rendered therein which became final prior to the commission of the offense first herein charged against the said Joe Parsons."

While the indictment does not specifially charge that Slaton was an incorporated town or village, yet it does charge that appellant was driving an automobile upon a public highway open and used for traffic by the public, to-wit, New Mexico Street, in Slaton, Lubbock County, Texas, while intoxicated and while under the influence of intoxicating liquor.

In the case of Lamkin v. State, 136 Tex. Cr. R. 99, this court quoted from 28 Cyc. p. 832, as follows:

"The term 'street' as ordinarily used is a 'public way or road in a city or village. It is a public thoroughfare and highway; all streets are highways, although all highways are not streets'."

See also Pence v. State, 110 Tex. Cr. R. 378.

A street in an unincorporated town or village, which is being used by the public as a thoroughfare, is a public highway. Consequently, the driving of an automobile upon a street in an unincorporated town by a person while intoxicated constitutes an offense under Art. 802, P. C. This question was again discussed by Judge Morrow, on motion for rehearing, in the case of Blackman v. State, 20 S. W. (2d) 784. The question was also discussed by us in the case of Broughton v. State, 188 S. W. (2d) the cases cited. See also Simmons v. State, 149 Ark. 348, 232 S. W. 597.

The State's evidence is in accord with the allegations in the indictment, and in our opinion, is sufficient to sustain the conviction. It is true that appellant and his witnesses denied that he was intoxicated at the time and place charged, but this was a controverted issue of fact. It was, in fact, the only controverted issue of fact raised by the testimony, and this issue the

jury determined adversely to the appellant's contention.

From what we have said, it follows that the judgment of the trial court should be in all things affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.