## MARIANNA v. VINCENT.

Opinion delivered June 9, 1900.

MAYOR OF TOWN—JURISDICTION—UNLAWFUL SALE OF LIQUORS.—Defendant was charged before the mayor of an incorporated town with selling liquor without license, and convicted of violating a town ordinance prohibiting the sale of liquor without license. On appeal to the circuit court he was discharged on the ground that the ordinance under which he was convicted was void. On appeal to the supreme court, *held* that, whether the ordinance in question was void or not, the mayor, having the same criminal jurisdiction as a justice of the peace (Sand. & H. Dig. § 5256), had jurisdiction to try him for a violation of Sand. & H. Dig. § 4862, making it a misdemeanor to sell liquor without a license. (Page 247.)

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

*McCulloch & McCulloch*, for appellant.

The only test of the power of cities and towns to pass penal ordinances is whether or not such ordinances are "inconsistent with the laws of the state." Sand. & H. Dig., § 5146; 53 Ark. 368. The ordinance in question was not. 37 Ark. 382.

*Fletcher Roleson*, for appellee.

The appellant had no power to prohibit single or occasional sales of liquor, under Sand. & H. Dig., § 5132. 31 Ark. 462; 46 Ark. 362; 34 Ark. 557; 27 Ark. 557; 45 Ark. 455.

BUNN, C. J. On the 16th March, 1899, B. F. Latta, the marshal of the town of Marianna, Lee county, Arkansas, made affidavit for a warrant of arrest against the defendant, in these words, to-wit: "To the best of my knowledge and belief, I hereby state that Louis Vincent did, in the town of Marianna on the 16th day of March, 1899, sell to King Crawford a bottle of whiskey, and pray a warrant for his arrest." On this affidavit the mayor of said city issued the following warrant, to-wit: "To B. F. Latta, Marshal: 'It appearing that there are reasonable grounds for believing that Louis Vincent has committed the offense of selling whiskey in the town of Marianna without license, you are therefore commanded to arrest Louis Vincent and bring him forthwith before me, to be dealt with according to law.'" In obedience to this warrant, the marshal arrested and brought the defendant before the mayor for trial, and the following recital appears as part of the proceedings of the mayor's court, to-wit: "On this the 16th day of March, 1899, comes B. F. Latta, marshal of the town, having in his custody the defendant, Louis Vincent, who having been arrested on a warrant of arrest charging him with the offense of unlawfully selling whiskey in the town of Marianna on the 16th day of March, 1899, in violation of a town ordinance. And the defendant announces ready for trial, and pleads not guilty as charged. And the court, after hearing the evidence, finds the defendant guilty, and fixes his punishment at a fine of one hundred dollars. It is therefore ordered and adjudged that the incorporated town of Marianna have and recover of the defendant, Louis Vincent, said sum of one hundred dollars, and all costs of this prosecution." Then follows the alternative judgment of punishment rendered in such cases.

The defendant appealed to the circuit court, where, after one or two new trials, on motion of defendant, the cause was dismissed for want of jurisdiction, in this, that "the mayor's court of the town of Marianna had no jurisdiction of the offense of selling whiskey without license, as charged in the affidavit and warrant, and that this court had no jurisdiction on appeal." Upon this motion the circuit court rendered the following judgment, to-wit: "And said motion being presented, and it

appearing to the court that the town of Marianna had no lawful power or authority to adopt or enforce the ordinances upon which this prosecution is based, said motion is by the court sustained. It is therefore by the court considered, ordered and adjudged that the defendant be discharged, and go hence without day." The town of Marianna at the time, by its attorney, excepted, and appealed to this court.

Much of the discussion is devoted to the inquiry as to whether the town council by ordinance could do more than "license, regulate, tax or suppress tippling houses and dramshops," as provided in section 5152, Sand. & H. Dig.; the defendant contending that a town council, under the rule laid down by this court in construing that section of the digest, in *Tuck* v. *Town of Waldron*, 31 Ark. 462, *Town of Magnolia* v. *Sharman*, 46 Ark. 358, and other cases, has no authority to pass an ordinance to deal with the liquor question, further than to license, regulate, tax and suppress tippling houses and dramshops as provided in said section, which is section 12 of the act of municipal incorporation, passed March 9, 1875. In the case of *Tuck* v. *Town of Waldron*, this court said: "Under this rule [stated by Judge Dillon], the council of Waldron had no power to pass the ordinance for the violation of which appellant was convicted." The ordinance prohibited one from selling ardent or vinous liquors without first procuring a license. The rule as stated by Judge Dillon is: "When there are both special and general provisions, the power to pass by-laws under the special or express grant can only be exercised in the cases, and to the extent, as respects those matters, allowed by the charter or incorporating act; and the power to pass by-laws under the general clause does not enlarge or annul the power conferred by the special provision in relation to their various subject matters, but gives authority to pass by-laws, reasonable in their character, upon all other matters within the scope of their municipal authority, and not repugnant to the constitution and general laws of the state." The conclusion of this court on the subject was thus expressed in that case. "It (the town council of Waldron) undertook to prohibit the sale of ardent or vinous liquors in any quantities, and by any person, without

corporation license; when the act under which the town was incorporated only authorizes the council to license, regulate, tax, or suppress tippling houses and dramshops, and to regulate or to prohibit ale and porter shops or houses and public places of habitual resort for tippling and intemperance. If the legislature intended to authorize municipal corporations to require all persons who wish to engage in selling wine and liquors, in any quantities, within their corporate limits to obtain corporation license, the intention should, and probably would, have been expressed in the act, and not left to inference. Municipal corporations must confine their legislation within the scope of the powers conferred upon them by their charters."

This was the doctrine of *Town of Magnolia* v. *Sharman* also, and it apparently sustains the contention of the defendant in this case, with this explanation, however: The alleged ordinance is not found in this record, and is not mentioned, except by way of recital in the judgment of the mayor's court and in the judgment of dismissal of the circuit court; and we therefore are not at liberty to say what is its purport, and can only speak of it in general terms, for the purposes of this discussion. On the other hand, it is contended by the prosecution that the decisions of this court cited above do not preclude the adoption of an ordinance on the subject, under the provisions of section 5146 of Sand. & H. Digest. Be this as it may, the question in this case is, did the mayor of Marianna have juirisdiction to hear and determine the case? The affidavit for the warrant and the warrant itself, taken together, determined the jurisdiction of the mayor, not what he or the circuit court said in the rendition of these respective judgments. There is no mention of an ordinance, nor reference to one, in the affidavit nor warrant. The crime alleged in them was, at all events, a violation of the state law; that is, a violation of section 4862 of Sandels & Hill's Digest. The mayor of a town has the same jurisdiction to hear and determine cases under the criminal laws of the state as has a justice of the peace. See section 5256 of Sandels & Hill's Digest.

The mayor having once obtained jurisdiction, the case should not have been subsequently dismissed for want of jurisdiction by the circuit court, merely on mistakes of law made by the mayor, or for any other irregularity; but it should have proceeded to try the case *de novo*, and render such judgment as was proper therein. The judgment of dismissal is therefore reversed, and the cause is remanded for further proceedings not inconsistent herewith.

BATTLE, J., absent.