## HAGER *v.* STATE.

### Opinion delivered January 12, 1920.

1. INTOXICATING LIQUORS—PARTICIPATION IN TRANSPORTATION.—One who went with another employed to transport liquor, knowing the purpose of the trip, was a participant in the unlawful enterprise, even though he had no interest in the result.

2. CRIMINAL LAW—PARTICIPANTS IN MISDEMEANORS AS PRINCIPALS.— Those who procure or participate in the commission of a misdemeanor, or who assent thereto, are indictable as principals.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*Smith & Gibson,* for appellant.

There was no competent evidence to convict appellant, even treating the information as amended by the evidence introduced. *Whitley* v. *State,* 140 Ark. 425. He was not an aider and abetter in transporting the liquor from one place to another in this State. Mere silence in the presence of crime is not sufficient to convict. 81 Ark. 173. No active part by word or act was taken by defendant to constitute him an aider or abetter in the crime. 88 *Id.* 240; 45 *Id.* 361; 60 *Id.* 312.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

The evidence is clear and convincing that defendant was present aiding and abetting the crime. He consented to it, and hence was guilty as a principal. 47 Ark. 188; 51 *Id.* 552; 49 *Id.* 60; 45 *Id.* 361; 55 *Id.* 188. The trial court was correct in directing a verdict of guilty. *Ashcraft* v. *State,* 140 Ark. 505.

McCulloch, C. J. Appellant was convicted of the offense of transporting liquor in Lawrence County, in this State, in violation of the act of February 17, 1919 (Acts of 1919, p. 75), making it unlawful "for any person, firm, corporation or association in any manner to transport * * * from one place to another in this State * * * by any means whatsoever, any alcoholic, vinous, malt, spirituous or fermented liquors," etc.

The only ground urged for reversal of the judgment is that the evidence does not sustain the conviction. There is little, if any, dispute about the facts. A young man named Judd had a quantity of whiskey in suitcases at or near the station of Murta, on the railroad a few miles north of Walnut Ridge. It does not appear in the evidence where Judd had brought the liquor from, but his purpose was to transport it from Murta to Walnut Ridge. Judd went to Walnut Ridge and arranged with Lloyd Barton to obtain a conveyance and drive over with him to Murta to get the whis-

key.  Barton agreed to do so and hired the conveyance at a livery stable, and he asked appellant to go with him on the trip.  Appellant, according to the testimony, at first declined, but after a little urging agreed to accompany Barton and Judd and a man by the name of Wallace, who was also interested in the transportation of the liquor on the trip to Murta to bring the whiskey to Walnut Ridge.  The four men got into the conveyance hired by Barton and drove to Murta, obtained the whiskey and returned to Walnut Ridge.  This occurred during a certain night.

Just before leaving Walnut Ridge, Barton informed the sheriff of the enterprise, and the sheriff was on the lookout for the party on its return and attempted to arrest the men in the conveyance.  As the party drove by in the hack along a street in Walnut Ridge the sheriff called out to them to halt, but they whipped up the team and made their escape, the sheriff firing several shots at them.  It is undisputed that appellant was with the party, and that he knew before he started on the trip the purpose of Barton and the other men in going to Murta.

It is contended that appellant was a mere silent spectator without any interest in the transportation of the liquor, and that he was not such a participant in the offense as to make him guilty with the other offenders. This view of the matter is not a correct interpretation of the law.  Mere presence at the commission of an offense does not constitute guilty participation.  But there is something more involved when there is an affirmative act which constitutes encouragement to commit the offense.  In the present case the transportation of the liquor constituted the offense, and the fact that appellant accompanied the principal offender on the trip operates as affirmative acquiescence and encouragement, even though appellant was not interested in the result of the enterprise.  *Miller* v. *State*, 55 Ark. 188.  Appellant was not accidentally present at the commission of the offense, but he consciously went along with the principal offender

when the offense was committed, and this made him a participant. Those who procure or participate in the commission of a misdemeanor, or who assent thereto, are indictable as principals. *Fortenbury* v. *State,* 47 Ark. 188.

Appellant is guilty of an offense according to his own statement of the facts, and the judgment of conviction was correct.

. Affirmed.