## LOCKE *v*. FORT SMITH.

### Opinion delivered October 9, 1922.

INTOXICATING LIQUORS—TRANSPORTATION.—Where defendant, at the solicitation of a friend, got in an automobile for a ride and then found that his friend had been drinking and decided to take him home as soon as he could get him to go, and, seeing a bottle of liquor on the seat, put it in his pocket during the ride, he did not violate a city ordinance against transporting liquors substantially in the language of Crawford & Moses' Dig., § 6165; to constitute the offense, the liquor must be in the act of being conveyed from one objective point to another.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; reversed.

#### STATEMENT OF FACTS.

Ed Locke was convicted in the municipal court of the city of Fort Smith of the crime of transporting intoxicating liquor in said city. He appealed to the circuit court and was tried upon substantially the following testimony:

Walter Blair drove up to the house of Ed Locke and asked him to go riding with him. After some persuasion, Locke got in the car with Blair and drove around the streets of the city of Fort Smith with him for a short time. When Locke got in the car there were two pint bottles of whiskey lying on the seat. Locke and Blair each put one of the bottles of whiskey in his pocket. After driving around the streets for a short time, Locke and Blair were arrested and placed in jail.

According to the testimony for the city, both Locke and Blair were drunk at the time they were arrested. According to the testimony of Locke, he was not drunk at the time he was arrested, and had only taken one drink of whiskey with Blair. His testimony was corroborated by that of other witnesses. The officers testified that the whiskey in the bottles found in the possession of Locke and Blair was moonshine corn whiskey.

The case was tried before a jury, which returned a verdict of guilty, and from the judgment of conviction Locke has duly prosecuted an appeal to this court.

*T. S. Osborne* for appellant.

The charge is transporting liquor into the city, or from one place in the city to another place in the city. This charge is not supported by evidence that the accused merely rode around in the city with a friend in the latter's automobile, without other purpose. 102 Pac. 57; 2 Okla. Cr. 362; 103 Pac. 538; 2 Okla. Cr. 519; 111 Pac. 947; *Id.* 1023; 115 *Id.* 603; 4 Okla. Cr. 376; *Id.* 654.

HART, J. (after stating the facts). Locke was charged with a violation of ordinance 1203 of the city of Fort Smith. Section one of the ordinance reads as follows: "That it shall be unlawful for any person, firm or corporation or association in any manner to transport into the city, or from one place to another place in the city, or for any railroad company, or express company or other common carrier, or any officer, agent or employee of any of them, or any other person, to ship or transport into, or deliver in the city in any manner, or by any means whatsoever, any alcoholic, vinous, malt, spirituous or fermented liquors, or any compound or preparation thereof commonly called tonics, bitters, medicated liquors, except as provided for in section sixteen."

The ordinance is substantially a copy of sec. 6165 of Crawford & Moses' Digest made applicable to a city. The dictionary meaning of the word "transport" is to carry or convey from one place or station to another. The language of the statute makes it unlawful to transport intoxicating liquors from one place to another place in this State.

The language of the ordinance makes it unlawful for any person to transport into or from one place to another place in the city intoxicating liquors.

From the language used the court is of the opinion that the Legislature only intended to make criminal the removal of intoxicating liquors from one locality in the

State, or in a city or county, to another locality in the State, or city or county. These places must be separate and distinct from each other, or the offense under the statute is not complete. To constitute the offense the liquor must be in the act of being conveyed from one objective point to another. The name of one or even both of the places might be unknown, but it must be shown, inferentially at least, that the defendant was in the act of carrying the intoxicating liquor from one place or locality to another in order to render him guilty under the statute, or under an ordinance based upon the statute. We think this holding is in accord with *Hager v. State,* 141 Ark. 419.

Tested by this rule, the evidence introduced by the city is not legally sufficient to warrant a verdict of guilty. When considered in its strongest light, the evidence only shows that the defendant, at the earnest solicitation of a friend, got into the latter's automobile for the purpose of riding about the streets of Fort Smith. The defendant ascertained that his friend was drinking, and formed the intention of getting him to go home as soon as he could. He also put one of the bottles of whiskey he found on the seat of the automobile in his pocket, while the owner of the automobile put the other one in his pocket. The evidence falls short of showing, however, that the defendant got into the automobile for the purpose of carrying or assisting his friend in conveying the liquor from that place to the home of the defendant's friend. The main purpose of getting in the automobile by the defendant was to take a ride over the streets of the city with his friend, and the design of taking his friend home, as soon as he could get him to go, was formed because his friend was drunk, and not for the purpose of assisting him in carrying home the two bottles of whiskey.

It follows that the judgment must be reversed, and, inasmuch as the facts seem to have been fully developed, the cause will be remanded, with directions to dismiss the charge against the defendant.