ALLEN *v.* STATE.

Opinion delivered July 9, 1923.

1. INTOXICATING LIQUORS—TRANSPORTATION.—Crawford & Moses' Dig., § 6165, prohibiting the transportation of intoxicating liquors "from one place to another in this State," is violated where one carries on his person a pint bottle of whiskey procured at some place in a city to his home in the same city, as the quoted phrase, while requiring a substantial change, and not a slight and unimportant one, contemplates any transportation from one place to another in the same city or town.

2. CRIMINAL LAW—INSTRUCTION ALREADY COVERED.—A requested instruction which is covered by one given by the court is properly refused.

Appeal from Hempstead Circuit Court; *J. H. Mc-Collum,* Judge; affirmed.

*Sarah Shields Jobe,* for appellant.

The evidence does not make out a case of transporting within the meaning of the statute. 155 Ark. 158.

*J. S. Utley,* Attorney General, *John L. Carter* and *Wm. T. Hammock,* Assistants, for appellee.

The case falls well within the rule laid down in the case in 155 Ark. 158, relied on by the appellant, and the evidence discloses a case of conveying liquor from one objective point to another, in this State. See also 141 Ark. 419.

McCulloch, C. J. Appellant was tried before a justice of the peace on imformation charging the offense of transporting whiskey, in violation of the statute which makes it unlawful for any ·person "in any manner to transport into this State or from one-place to another place in this State * * * any alcoholic, vinous, malt, spirituous or fermented liquors or any compound or preparation thereof, commonly called tonics, bitters or medicated liquors * * *." Crawford & Moses' Digest, § 6165.

Appellant was convicted, and prosecuted an appeal to the circuit court, where he was again convicted, and a fine of $100 imposed.

The offense is alleged to have been committed in the city of Hope. The sheriff of the county testified that he went to the store of a Mr. Wiggins to "make a search," and that, as he was leaving the store, he saw appellant enter with a heavy overcoat on, which aroused his suspicion, as the weather was warm, and that he searched appellant and found in his pocket a pint bottle of whiskey. The sheriff and other witnesses testified that appellant stated, at the time the whiskey was found on his person, that he was carrying it home for the use of his wife, who was sick. The sheriff testified that appellant must have brought the whiskey into the store with him, because he saw him walk into the store and he had no opportunity to secure it after he got in there before it was found on his person. There was no objection made to this testimony, but the contention is that the testimony is not sufficient to sustain the verdict.

We think that the testimony is legally sufficient. It shows that appellant had in his possession a bottle of whiskey, which he was carrying to his home. The testi-

mony does not show where appellant obtained the whiskey, but that is unimportant, if he was transporting it from one place to another within the meaning of the statute. The transportation of the liquor had commenced and was in progress, for, as before stated, appellant evidently had the whiskey in his possession when he came into Wiggins' store. According to his own confession he was transporting it to his home, and the fact that he was temporarily stopping in the store does not take the act of transportation out of the operation of the statute. The law applicable to the case is fully stated in the recent case of *Locke* v. *Fort Smith,* 155 Ark. 158, and leaves little to be said. In that case we stated the law as follows:

"From the language used the court is of the opinion that the Legislature only intended to make criminal the removal of intoxicating liquors from one locality in the State, or in a city or county, to another locality in the State, or city or county. These places must be separate and distinct from each other, or the offense under the statute is not complete. To constitute the offense, the liquor must be in the act of being conveyed from one objective point to another. The name of one or even both of the places might be unknown, but it must be shown, inferentially at least, that the defendant was in the act of carrying the intoxicating liquor from one place or locality to another in order to render him guilty under the statute * * *."

It should be added to what was there said that the statute does not specify, directly or indirectly, the extent of the change brought about by the transportation in order to constitute the offense, nor specify the distance it must be transported. The words "from one place to another in this State" mean, of course, a substantial change in the *situs* of the liquor. A slight and unimportant movement, of course, would not be sufficient; but a transportation from one place to another in a city or town, or elsewhere, is sufficient to constitute transportation. The manifest purpose of the law was to obstruct

the traffic in liquor by making it unlawful to transport it, even by one who had received it in possession without violating the law. In other words, the present case is illustrative of the scope of the statute, and we think that where, as in this instance, appellant procured whiskey at some place in the city of Hope and transported, or was in the act of transporting, it to his home in the same city, this constituted transporting within the meaning of the statute.

Counsel for appellant asked the court to give an instruction as to what constituted transportation, and this instruction was a correct declaration of the law, but it was fully covered by another instruction given by the court of its own motion. The charge of the court was, we think, accurate in every respect, and we find no error in the record.

The judgment is therefore affirmed.