## FLY *v*. FORT SMITH.

Opinion delivered July 14, 1924.

1. CRIMINAL LAW—CONVICTION OF TWO OFFENSES.—Where appellant was convicted in municipal court on a dual charge of being drunk and transporting whiskey, the amount of the fine indicating that it was imposed for the latter offense, he could not, on appeal to the circuit court, be convicted of transporting whiskey and also for drunkenness.

2. CRIMINAL LAW—MISDEMEANOR—NECESSITY OF WRITTEN CHARGE.—In a prosecution for ,transporting whiskey, in which appellant was arrested for an act committed in an officer's presence, and the charge in the municipal court was for being drunk and for transporting whiskey, on appeal to the circuit court, demurrer on the ground that the charge was indefinite was properly overruled, as an information setting forth the facts in detail was unnecessary.

3. INTOXICATING LIQUORS—TRANSPORTATION—EVIDENCE.—Evidence *held* sufficient to warrant a finding of illegal transportation of whiskey.

4. CRIMINAL LAW—FAILURE TO INTRODUCE CITY ORDINANCE IN EVIDENCE.—Where appellant was convicted in municipal court of transporting whiskey, failure of the prosecution on appeal in the circuit court to prove a municipal ordinance was immaterial, since a conviction could be sustained under Crawford & Moses' Dig., § 6165.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; reversed in part.

*T. S. Osborne* and *E. M. Ditmon,* for appellant.

*George W. Dodd,* for appellee.

McCULLOCH, C. J. Appellant was arrested on a street-car in the city of Fort Smith by one of the police officers of the city, and, after being lodged in jail, he was taken into municipal court by the officer, and the charge preferred against him of "being drunk, and transporting whiskey." The record of the municipal court recites the above facts, and also recites that appellant "pleaded not guilty, whereupon he was tried, convicted and fined $110, and the further sum of $7.50 as cost in the said case." Appellant filed his affidavit and bond for appeal, and prosecuted an appeal to the circuit court. When the cause came on for hearing in the circuit court, the attorney for the city put appel-

lant on trial on the charge of transporting whiskey. The trial was before a jury, and the jury found appellant guilty and imposed a fine of $125. Appellant was, over his objection, then put on trial on the further charge of drunkenness, and that trial resulted in appellant's conviction and the imposition of a fine of $25. He has prosecuted an appeal from both judgments.

We think that the court was without jurisdiction to put appellant on trial in the circuit court for two offenses, inasmuch as there had been only one judgment of conviction in the municipal court. The city might have preferred two charges against appellant, one for drunkenness and the other for transporting whiskey, but there was only one trial and one conviction, hence the circuit court acquired jurisdiction to hear and determine but one charge. This was necessarily the charge of transporting whiskey, because the fine imposed in the municipal court was in excess of the authorized fine for drunkenness.

There was a demurrer filed in the circuit court on the ground that the charge was indefinite, but the court overruled the demurrer, and that ruling is assigned as error. The ruling was correct because, the arrest having been made by an officer for an offense committed in his presence, it was unnecessary to file any information setting forth in detail the facts constituting the offense.

At the commencement of the trial the city attorney announced that appellant was on trial on the charge of transporting whiskey, and proceeded to introduce testimony to support that charge. The officer who made the arrest testified that he found appellant on a street-car in an intoxicated condition, and that he had a bottle of whiskey in his pocket. Appellant denied that he was intoxicated at the time he was arrested, and undertook to explain the presence of the bottle of whiskey in his pocket by saying that he found the bottle under a seat in the street-car, and put it in his pocket, and that he had no knowledge of the contents of the bottle. We think that the evidence was sufficient to warrant the jury in

finding that appellant was transporting whiskey in violation of law.

It is also contended that the record does not sustain the conviction in that the city ordinance was not introduced in evidence. It is sufficient answer to that contention to call attention to the fact that the charge against appellant constituted a violation of the statutes of the State (Crawford & Moses' Digest, § 6165) against transporting liquor, and, even if there was no ordinance of the city, the conviction could be sustained under authority of the statute. *Marianna* v. *Vincent,* 68 Ark. 244.

It is also insisted that the evidence falls short of being sufficient to sustain a conviction for the reason that it fails to show that appellant was transporting the liquor from one place to another. In other words, the contention is that he merely picked up the liquor and was carrying it along with him without any intention of transporting it to any definite point. Counsel rely on the case of *Locke* v. *Fort Smith,* 155 Ark. 158, as sustaining their contention. In the Locke case the proof showed only that the accused was in an automobile with a friend, and picked up a bottle of whiskey and put it in his pocket, and there was nothing to show that he intended to transport it to any given place, the inference being that he was merely carrying it around to drink as he rode about with his friends. We held that, under the statute, there must be a transportation of the intoxicant from place to place. The facts in the present case are different. Appellant was in a street-car, presumably destined to some point, and he had the whiskey in his pocket, so the jury had the right to infer that he was transporting the whiskey to his place of destination from some other point. The inference might have been drawn, in other words, that the transportation of the liquor was from place to place, and not merely for the purpose of carrying it along with him to drink as he pursued his journey.

We find no error in the record with respect to the charge of transporting liquor, and the judgment of the court on that charge is affirmed.

The judgment of the court on the charge of drunkenness is, however, reversed, and the cause dismissed as to that charge.