CHURCH *v.* STATE.

Opinion delivered April 12, 1926.

1. INTOXICATING LIQUORS—TRANSPORTING—EVIDENCE.—On a charge of transporting liquor, evidence that accused told an employee to go to his home and bring a bottle of whiskey to be found in a safe, which the employee did, but, being intercepted by an officer, he broke the bottle, *held* to sustain the charge.

2. CRIMINAL LAW—PRINCIPALS AND ACCESSORIES.—In misdemeanors there are no accessories, so that one who procures another to commit a misdemeanor is himself a principal in the crime.

Appeal from Clay Circuit Court, Eastern District; *G. E. Keck,* Judge; affirmed.

*W. E. Spence,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried, and convicted in the circuit court of Clay County, Eastern District, under § 6165 of Crawford & Moses' Digest, making it unlawful for any one to transport alcoholic liquors from one place to another in this State, and was fined $100 as a punishment therefor, from which is this appeal.

The undisputed facts are that Ezra Blake, an employee of appellant, was instructed to go to his home and get a bottle of whiskey for him. Appellant told witness he would find the whiskey in the safe. Witness did as he was told, but, before getting to appellant with the whiskey, was intercepted by an officer, whereupon he broke the bottle. Witness had not tasted the liquid before destroying it, and said he could not swear whether it was whiskey or not.

Appellant's first assignment of error is an alleged insufficiency of the evidence to support the verdict. It is argued that there is no proof that the fluid in the bottle was alcoholic liquor. Appellant told the prosecuting witness that it was whiskey and where to find it. While taking it up town to appellant, witness was caught by an officer, and destroyed the bottle. This was proof sufficient that the liquid was whiskey, and courts take judicial knowledge of the fact that whiskey is intoxicating. *Edgar* v. *State,* 37 Ark. 218.

Appellant's next assignment of error is that he could not be indicted, tried, and convicted as a principal because he was not present, aiding and abetting in the crime. The statute makes the crime of transporting alcoholic liquors a misdemeanor, and not a felony. In misdemeanors there are no accessories, so one who procures another to commit a misdemeanor is himself a principal in the crime. *Sanders* v. *State,* 18 Ark. 195; *Stephens* v. *State,* 164 Ark. 90.

No error appearing, the judgment is affirmed.