WALBERT v. STATE.

Opinion delivered February 6, 1928.

1. INTOXICATING LIQUORS—TRANSPORTATION.—Evidence *held* to warrant defendants' conviction of unlawfully transporting intoxicating liquors.

2. CRIMINAL LAW—OPINIONS OF NONEXPERTS.—In a prosecution for unlawful transportation of intoxicating liquor, testimony of officers that some of the defendants appeared to have been drinking, *held* admissible as testimony concerning a fact about which a nonexpert might express his conclusion and was not objectionable as mere expression of opinion.

3. INTOXICATING LIQUORS—ADMISSIBILITY OF EVIDENCE.—Where, in a prosecution for unlawfully transporting liquor, officers testified that some of the defendants appeared to have been drinking, it was not error to exclude testimony of defendants that they had been acquitted for the charge of being drunk on a public highway at the time of the arrest, as such testimony involved a collateral issue, and defendants may have been drinking without being drunk.

Appeal from Independence Circuit Court; *S. M. Bone,* Judge; affirmed.

*Mrs. Vera Street* and *I. J. Matheny,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellants were tried and convicted in the court of a justice of the peace upon a charge of transporting intoxicating liquors, and duly appealed to the circuit court, where they were again tried and convicted, and have prosecuted this appeal to reverse the judgment of the circuit court. For the reversal of this judgment they insist that the evidence is insufficient to sustain the verdict, and that the court erred in the admission and in the exclusion of certain testimony.

Three deputy sheriffs testified that they saw appellants in front of a store in Locust Grove, and some of them appeared to have been drinking, and the officers suspected that appellants were transporting intoxicating liquors in the automobile in which they drove out of the village. The officers followed in another car, and saw two or three of appellants leave their car at a place where there was a mudhole in the road and a cultivator near the road. Appellants drove on for about a quarter of a mile, and stopped their car, and the officers overtook them, and searched appellants' car and the weeds around it, but did not find any liquor. The officers then retraced their course, and stopped at the mudhole where appellants had previously stopped. They found a half-gallon jug of whiskey at the edge of a cotton patch about eight feet from the road, and a sack containing some bottles. They crossed the road, and found another half-gallon of whiskey near the cultivator and another sack of bottles.

There was some conflict in the testimony as to the distance the officers were from appellants when they first stopped their car and the distance appellants had driven from that point when they were overtaken by the officers, but these conflicts presented questions for the jury. We think the above testimony warranted the jury in finding that appellants had placed the whiskey found by the officers near the road where appellants' car had stopped, and, if they did this, they had transported liquor within the meaning of the law under which they were convicted.

There was no error in permitting the officers to testify that some of the appellants appeared to have been drinking. This was not a mere expression of an opinion, as appellants contend, but was testimony concerning a fact about which any nonexpert might express his conclusion. *Prewitt* v. *State,* 150 Ark. 279, 234 S. W. 35.

Appellants, testifying in their own behalf, denied that they, or any of them, had been drinking, and they then offered to prove that they they had been arrested for being in a drunken or intoxicated condition on a

public highway on the day in question, and had been acquitted of that charge by a justice of the peace, but the court excluded this testimony.

There was no error in excluding the testimony that appellants had been acquitted of being drunk on a public highway. Such testimony would have involved the trial of a collateral issue. Appellants may have been drinking without being drunk. In the case of *Simmons* v. *State,* 149 Ark. 348, 232 S. W. 597, it was said:

"In *Brooke* v. *State,* 86 Ark. 364, 111 S. W. 471, the court had under review an ordinance of the city of Morrilton which made it a misdemeanor 'for any person to appear in any public street in a drunken or intoxicated condition.' In that case the evidence showed that the defendant was drinking, and he showed some signs of the effect of strong drink, but he was attending to his own business in an orderly manner, and had not lost control of his faculties. The court held that the evidence was not sufficient to sustain the charge, and we approved the following definition of 'drunk' taken from the Standard Dictionary: 'Under the influence of intoxicating liquor to such an extent as to have lost the normal control of one's bodily and mental faculties, and, commonly, to evince a disposition to violence, quarrelsomeness and bestiality.' Some of the common effects of being under the influence of intoxicating liquor, or drunk, are there given, to-wit: 'A disposition to violence, quarrelsomeness and bestiality.' But these are by no means the only results of exhibitions that may be included in the definition."

The justice of the peace who acquitted appellants on the charge of drunkenness may have concluded that appellants were not "in a drunken or intoxicated condition," as defined in the case from which we have just quoted, but such finding would not have contradicted the testimony of the officers that they thought appellants, or some of them, were drinking. They might have been drinking without reaching a "drunken or intoxicated condition."

We find no error, and the judgment will be affirmed.