WILSON *v.* BATESVILLE.

Opinion delivered September 23, 1929.

*Coleman & Reeder,* for appellant.
*W. K. Ruddell,* for appellee.

McHaney, J.  Appellant was arrested by the city marshal of Batesville, brought before the mayor, tried, and convicted on a charge of transporting liquor, and fined $100.  His conviction was affirmed on appeal to the circuit court.

The facts as disclosed by the marshal, the only witness in the case, are that the marshal saw appellant and "another fellow" walking along the street and go into Hardy & Sons' livery barn.  He suspected that they were about to make some whiskey deal, although what aroused his suspicions is not stated.  He walked across the street, and followed them into the barn.  When he got about halfway back in the barn, he saw them coming toward him from the rear end of the barn, and when appellant saw the marshal, he reached in his shirt, pulled out a pint of whiskey, poured it out, and threw the bottle to one side.  Appellant was not employed in the barn, and, so far as witness knew, had no legitimate business therein.  Witness thought appellant had started out of the barn with the whiskey.

These are all the facts developed, and the question is, are they sufficient to establish the charge of transporting under either the ordinance of the city of Batesville or the statute, § 6165, C. & M. Digest?  Conceding that the mayor had no jurisdiction under the ordinance, the case would not be dismissed on appeal because the mayor had an erroneous view of the effect of the city ordinance,

but the circuit court would proceed to try the case *de novo* under the statute and render such judgment as was proper. *Marianna* v. *Vincent,* 68 Ark. 244, 58 S. W. 251; *Watts* v. *State,* 160 Ark. 228, 254 S. W. 486; *Sharp* v. *Booneville,* 177 Ark. 294, 6 S. W. (2d) 295. But we are of the opinion that, under the evidence, the crime of transporting was not established within the meaning of the statute as construed by this court in *Locke* v. *Ft. Smith,* 155 Ark. 158, 244 S. W. 11, 12. We there said:

"From the language used, the court is of the opinion that the Legislature only intended to make criminal the removal of intoxicating liquors from one locality in the State, or in a city or county, to another locality in the State, or city or county. These places must be separate and distinct from each other, or the offense under the statute is not complete. To constitute the offense the liquor must be in the act of being conveyed from one objective point to another. The name of one or even both of the places might be unknown, but it must be shown, inferentially at least, that the defendant was in the act of carrying the intoxicating liquor from one place or locality to another, in order to render him guilty under the statute, or under an ordinance based upon the statute. We think this holding is in accord with *Hager* v. *State,* 141 Ark. 419, 217 S. W. 461."

In this case the marshal did not testify that appellant took the liquor into the barn, nor that he took it out of the barn. He thought he intended to take it out, but that was only a surmise. We cannot presume that he did so. All the evidence shows is that he had a pint of liquor in his possession in a livery stable, which is made unlawful by § 6169, C. & M. Digest. To transport or move liquor from one place in a room of a building to another place in the same room would not constitute an unlawful transportation within the meaning of the statute. This case differs from *Allen* v. *State,* 159 Ark. 663, 252 S. W. 899, where appellant was arrested in a store with liquor on his person, and stated to the officer that he was taking

it to his sick wife; also from *Fly* v. *Fort Smith,* 165 Ark. 392, 264 S. W. 840, where appellant was arrested on a street car with the liquor on his person, destined for a definite point; from *Church* v. *State,* 170 Ark. 974, 281 S. W. 903, where appellant caused another to go to appellant's home and get a bottle of whiskey for him; and from *Walbert* v. *State,* 176 Ark. 173, 2 S. W. (2d) 17, where the officers followed appellants, who took a quantity of liquor out of town and hid it by the roadside. Here the only actual proof we have is that appellant was walking toward the front of the barn with a pint of liquor on his person, and not "from one objective point to another." So, under the rule announced in *Locke* v. *Fort Smith, supra,* the offense charged was not sufficiently established by the evidence.

Reversed, and remanded for a new trial.

HUMPHREYS and KIRBY, JJ., dissent.