TITSWORTH *v.* MENA.

Opinion delivered January 13, 1930.

*Alley & Olney,* for appellant.

*Duke Frederick,* for appellee.

MEHAFFY, J. The appellant was charged with the crime of transporting liquor from place to place in Mena, Arkansas, and on the 8th day of October, 1929, he was convicted in the city court, and fined $100. He appealed to the circuit court, where a trial was had on October 30, 1929, and he was there found guilty by a jury, and his fine fixed at $100. He filed motion for a new trial, which was overruled, and to reverse the judgment of the circuit court, he prosecutes this appeal.

Mrs. Bill Watkins was, at the time, October 3, 1929, operating the Blue Front Cafe, and was assisted by her husband, Bill Watkins.

Doug Walker, a deputy sheriff, testified that he saw the appellant about the third of October in the Blue Front Cafe in Mena, leaning on the counter on his arm; that he went down the street and got Mr. Harris, the night policeman of Mena, told him about what he had seen, and they went back to the Blue Front Cafe; that Mr. Harris went in and talked to the restaurant man and they left the cafe; went across the street and watched the appellant. The restaurant man tried to wake up appellant, and then witness and Harris went to the cafe, and got appellant out. Appellant, according to this witness, was very drunk. Harris finally took appellant under the arms, and picked him up, and witness

took one arm and Harris the other, and appellant kept his hand up. Witness did not know why, but when they got across the street Harris pulled appellant's jumper back and pulled out a pint of whiskey out of his pocket. That was the first time witness had seen the whiskey. Appellant was locked up in jail. Witness did not see anybody else in the restaurant when they first saw appellant there. When he went back there he did not see any one else go in or out, Mr. and Mrs. Watkins being the only ones that witness saw. Appellant was lying on the table. It was about 20 minutes from the time they first passed the cafe, until they went back and arrested appellant. Witness said that Harris had the whiskey that they took from appellant.

Harris, the night policeman, testified to substantially the same facts that Walker did, and also that he talked with the owner of the restaurant, who said he did not know appellant. Witness tried to talk to appellant, but appellant did not answer him. This witness also said that appellant was drunk. This was about 9 o'clock at night. Appellant never said anything with reference to the liquor at all. This witness testified that there was no one in the Blue Front Cafe but the restaurant man and his wife. There was about one-half an inch from the neck of the bottle of liquor. Witness did not see appellant transporting the liquor. This witness presented the bottle of liquor, and said it was in about the condition it was when they arrested appellant.

Bill Watkins, the restaurant man, testified that his wife ran the Blue Front Restaurant; that she was running it on the 3d of October, and that he stayed there and helped his wife run the restaurant; recalled the time that Harris and Walker arrested appellant, and said that appellant had been in the restaurant something like an hour, but that he had done nothing but sleep; did not know whether he had any liquor on him or not, and did not see the bottle. Witness did not see appellant come in, but there was no one with him when wit-

ness first saw him. There were two or three persons who passed in and out of the restaurant, after appellant came in. Appellant was asleep at that time. There was nobody who appeared to be with him. Appellant came in and ordered some coffee. At that time witness did not notice that he was under the influence of liquor. They were about to close the restaurant when the officers took appellant out. They closed the restaurant somewhere about nine or ten o'clock. Witness did not put this liquor in appellant's pocket, and did not see anybody else put it there.

Mrs. Watkins testified substantially the same as her husband, except that she saw the appellant when he first came in; did not talk to him; only spoke to him when he came in. He ordered a cup of coffee, and witness waited on him. He went to sleep on the counter, and did not drink the coffee. Appellant came in by himself, and went to sleep and did not wake up any more until the officers took him out. When he came in, he did not act like anything was wrong with him. This witness testified that she did not put the whiskey in his pocket, and never saw anybody with the whiskey; did not see anybody put any whiskey in his pocket.

The appellant insists that there is no evidence whatever as to transporting, and that the court erred in refusing to direct a verdict of acquittal. There was no controversy about the city ordinance, it being agreed that it was the same as the State statute. It is contended that the evidence is wholly insufficient to show that the appellant was transporting liquor.

We do not agree with the appellant in his statement that the circumstantial evidence shows he might not have brought the liquor in there with him. The evidence, we think, is sufficient to justify the jury in finding that he did bring the liquor in with him. The undisputed testimony is that he came in the restaurant alone; that the man and his wife who kept the restaurant were there; that neither of them put the liquor in his pocket, and

they did not see anybody else do this. The undisputed proof also shows that, after he ordered his cup of coffee, he went to sleep, and slept until the officers arrested him. So it appears that there was ample evidence to show that he came in there with the liquor in his pocket.

Appellant relies on the case of *Wilson* v. *Batesville*, 179 Ark. 1094, 20 S. W. (2d) 114. In the case of *Wilson* v. *Batesville,* the person charged with transporting the liquor was in a livery barn, and the officers followed him into the barn. When they got about one-half way back in the barn, they saw the person charged with transporting reach in his shirt, pull out a pint of whiskey, and pour it out, and throw it to one side, and the officers thought that he had started out of the barn with the whiskey. The court there said: ''It must be shown, inferentially at least, that the defendant was in the act of carrying the intoxicating liquor from one place or locality to another, in order to render him guilty under the statute, or under an ordinance based upon the statute.'' The court also said: ''In this case the marshal did not testify that appellant took the liquor into the barn, nor that he took it out of the barn. He thought he intended to take it out, but that was only a surmise. We cannot presume that he did so. All the evidence shows is that he had a pint of liquor in his possession in a livery stable, which is made unlawful by § 6169, C. & M. Digest. To transport or move liquor from one place in a room of a building, to another place in the same room, would not constitute an unlawful transportation, within the meaning of the statute.''

In the instant case, the proof shows, as stated in the Wilson case, inferentially at least, that the defendant had carried the intoxicating liquor into the restaurant. Where he came from is not shown, except he came from somewhere on the streets. It was not shown in the Wilson case that the person charged had had the whiskey anywhere, except in the barn. The marshal did not testify that he went into the barn with it, or

that he took it out of the barn. The witnesses in the present case testify that he came into the restaurant; stayed there something like an hour, and that no person put any whiskey in his pocket, and when the officers came he had the liquor in his pocket. He must necessarily have transported it, if the witnesses are telling the truth about it.

In the case of *Fly* v. *Fort Smith,* 165 Ark. 392, 264 S. W. 840, the facts stated by the court are as follows: "Appellant was arrested on a street car in the city of Fort Smith by one of the police officers of the city, and, after being lodged in jail, was taken into the municipal court by the officer, and the charge preferred against him of being drunk and transporting whiskey." The court said in that case: "Appellant denied that he was intoxicated at the time he was arrested, and undertook to explain the presence of a bottle of whiskey in his pocket, by saying that he found the bottle under a seat in the street car, and put it in his pocket, and that he had no knowledge of the contents of the bottle. We think that the evidence was sufficient to warrant the jury in finding that appellant was transporting whiskey in violation of law."

We think that the above case is controlling here.

There was sufficient evidence in this case to warrant the jury in finding that there was an actual transporting of the liquor from place to place. The appellant did not testify, and the only evidence introduced was the evidence on the part of the city, and from that evidence the jury could very well have reached the conclusion that he transported it on the streets of Mena, because the facts testified to could not be true unless he did.

The judgment of the circuit court is affirmed.