JONES *v.* STATE.

Crim. 3897

Opinion delivered July 2, 1934.

*John Owens,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

SMITH, J.   Appellant was tried and convicted in the court of a justice of the peace upon a charge of transporting intoxicating liquors, and duly appealed to the circuit court, where he was again tried and convicted, and he has prosecuted this appeal to reverse the judgment of the circuit court. A reversal of the judgment is asked upon the ground that the evidence was insufficient to sustain the conviction, and no other question is presented.

The sheriff of the county and his deputy suspected that appellant had whiskey in his automobile, and they followed him in their car as he drove out of the town of Murfreesboro in his. They followed him for about a mile out of town on the road to the diamond mine. Appellant stopped on the side of the road, and got out of his car, but when he saw the officers approaching he got back in the car and started driving off. He drove only a short distance, when he was commanded to stop his car, and upon the failure of appellant to obey the command the sheriff fired his pistol. Appellant then stopped his car, and when the officers went to it they found the floor of the car wet with whiskey and a lot of broken glass and the rim of a fruit jar on the floor of the car.

It is not certain when the whiskey was placed in the car, but it is not only fairly inferable but the conclusion appears to be inescapable that when appellant realized he was being followed he sought to dispose of the whiskey, and breaking the jar which contained it was the method employed for that purpose. If the liquor was in the car—and it was—although the vessel which contained it had been demolished, it had necessarily been transported for some appreciable distance, and the verdict may not, therefore, be said to be unsupported by sufficient testimony.

The case on the facts is not unlike that of *Walbert* v. *State,* 176 Ark. 173, 2 S. W. (2d) 17. There officers had followed a car in which it was suspected that intoxicating liquor had been transported for a quarter of a mile. When the car was overtaken no liquor was found in it, but liquor was found near the place where the car had previously stopped. It was held that this testimony was sufficient to support the finding that the liquor had been transported in the car.

In the case of *Locke* v. *Fort Smith,* 155 Ark. 158, 244 S. W. 11, it was said: "* * * the Legislature only intended to make criminal the removal of intoxicating liquors from one locality in the State, or in a city or county, to another locality in the State, or city or county. These places must be separate and distinct from each other, or the offense under the statute is not complete. To constitute the offense the liquor must be in the act of being conveyed from one objective point to another. The name of one or even both of the places might be unknown, but it must be shown, inferentially at least, that the defendant was in the act of carrying the intoxicating liquor from one place or locality to another in order to render him guilty under the statute, or under an ordinance based upon the statute. We think this holding is in accord with *Hager* v. *State,* 141 Ark. 419, 217 S. W. 461."

It is unimportant therefore that the testimony in the instant case does not sufficiently show at what point or place the whiskey was put in the car or its destination. It was being transported, and had been transported, and

the ·fact that the container was broken and the whiskey had wasted and spread out on the floor of the car did not affect the criminality of the act.

The judgment must therefore be affirmed, and it is so ordered.