THOMPSON *v.* CITY OF LITTLE ROCK.

Crim. 4025.

Opinion delivered May 24, 1937.

*Robert J. Brown, Jr.,* for appellant.

*McKinley & Thompson,* for appellee.

SMITH, J. Appellant was tried in the municipal court of the city of Little Rock, where a fine was imposed upon him for the offense of carrying a pistol as a weapon, in violation of an ordinance of that city. Upon his ap-

peal to the circuit court he was again found guilty and fined, and from that judgment is this appeal.

For the reversal of this judgment it is insisted (a) That the municipal ordinance, under which he was fined, was not introduced in evidence; (b) that the venue was not proved, and (c) that the evidence is not sufficient to sustain the conviction.

Failure to prove the city ordinance was immaterial. Indeed, it is unimportant whether there was a city ordinance upon the subject of carrying concealed weapons, as there is a state law upon the subject. In the case of *Sharp* v. *Booneville,* 177 Ark. 294, 6 S. W. (2d) 295, a headnote reads as follows: "Though a town ordinance under which defendant was prosecuted * * * was void as inconsistent with the state law, a conviction in the mayor's court must stand, where the crime charged was covered by a statute, since the mayor had jurisdiction as justice of the peace to enforce the statute." To the same effect, see, also, *Marianna* v. *Vincent,* 68 Ark. 244, 58 S. W. 251; *Watts* v. *State,* 160 Ark. 228, 254 S. W. 486; *Fly* v. *Fort Smith,* 165 Ark. 392, 264 S. W. 840; *Wilson* v. *Batesville,* 179 Ark. 1094, 20 S. W. (2d) 114.

Upon the question of venue, the testimony was to the following effect. Several officers testified that they were members of the police department of the city of Little Rock, and arrested appellant in a raid of a gambling game called "craps" in a pressing shop on Thirteenth Street between Ringo and Cross streets, behind the curb market. Ten or eleven persons were arrested for gaming and carried to the police station in the patrol wagon. These officers identified themselves as members of the Little Rock police force, and their testimony sufficiently proves the venue by locating the place of the commission of the violation of the law in the city of Little Rock. *Tyra* v. *State,* 192 Ark. 192, 90 S. W. (2d) 505.

As to the sufficiency of the testimony but little need be said. When appellant was first searched in the house no pistol was found on his person, but when searched again by the officer who put appellant in the patrol wagon a pistol was found in appellant's shirt bosom. The pistol was a .38 special, Spanish make, and "was loaded

all around." No attempt was made to see whether the pistol would shoot. It was turned in at the police headquarters. It was pointed out by counsel for appellant that there was no testimony showing how long appellant had carried the pistol, nor to whom it belonged.

It is not essential, to constitute the offense of carrying concealed weapons, that it should be shown that the weapon had been carried for any length of time. *Henderson* v. *State,* 91 Ark. 224, 120 S. W. 966.

It was held, in the case of *Carr* v. *State,* 34 Ark. 448, that if a pistol be worn concealed, the jury may presume that it was loaded and worn as a weapon, but that this presumption may be rebutted. There was nothing in the testimony to rebut that presumption.

It was held, in the case of *Hathcock* v. *State,* 99 Ark. 65, 137 S. W. 551, that a pistol may be carried as a weapon although unloaded. The case of *State* v. *Wardlaw,* 43 Ark. 73, is to the same effect. Here the testimony was to the effect that the pistol was loaded, and the state was not required to prove that it would shoot.

Judgment affirmed.