CITY OF HOT SPRINGS v. GRAY.

4-8800                                    219 S. W. 2d 930

Opinion delivered May 2, 1949.

*A. D. Shelton* and *Mallory & Rasmussen,* for appellant.

*Leland F. Leatherman,* for appellee.

HOLT, J. April 27, 1948, the City of Hot Springs enacted the following Ordinance: "ORDINANCE NO. 2186—AN ORDINANCE PROHIBITING THE OPERATION OF CERTAIN GROCERY STORES AND/OR MEAT MARKETS ON SUNDAY AND FOR OTHER PURPOSES.

"WHEREAS, a custom has recently arisen in the City of Hot Springs whereby a large number of employees have been required to perform services on Sunday in various large grocery stores and/or meat markets, which has deprived said employees of their day of rest and worship, and,

"WHEREAS, this condition is intolerable by reason of the exacting duties required of said employees and should be remedied.

"NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF HOT SPRINGS, ARKANSAS:

"SECTION 1. Every person who shall, on Sunday, keep open any grocery store and/or meat market, which is staffed, maintained and/or operated by more than two persons, whether owners and/or employees, or retail any goods, wares or merchandise therefrom, or who shall keep the doors of the same so as to afford ingress or egress, shall, on conviction thereof be fined in any sum not less than twenty-five dollars nor more than one hundred dollars; provided that charity or necessity on the part of the customer may be shown in justification of the violation of this ordinance.

"The purpose of this ordinance is to prohibit the operation of grocery stores and/or meat markets on Sunday where more than two persons, whether owners and/or employees are required to staff, maintain and operate same.

"SECTION 2. All ordinances or parts of ordinances in conflict herewith are hereby repealed.

"SECTION 3. It is found and declared in many instances in the City of Hot Springs that the employees of the larger grocery stores and/or meat markets are forced to work in said stores and/or meat markets on Sundays and are thereby denied their right to attend church services and are denied their day of rest and worship, and it is further found and declared that there is no inspection on Sundays of fresh meats, goods, wares and merchandise sold by said stores, which creates a health hazard, and because of these conditions and this ordinance being necessary for the immediate preservation of the public peace, health and safety, an emergency is hereby declared to exist, and this ordinance shall be in full force and effect from and after its passage and approval."

On May 8, thereafter, appellee, Gray, was convicted in the Municipal Court of that city of violating this ordinance and fined $25. He was thereafter twice tried

and convicted for two other separate and similar offenses and fined $25 in each of these cases. On appeal to the Circuit Court, the three charges were, by agreement, consolidated for trial.

It was stipulated that appellee operated a grocery store in Hot Springs, that more than two persons were employed therein, and that the facts were the same in each of the three cases.

Appellee defended on the ground that the ordinance, supra, was void and unconstitutional. The trial court sustained appellee's contention. The decree recites: "The ordinance is declared unconstitutional, and the convictions of the defendant by the Municipal Court of Hot Springs are reversed and the appeals dismissed."

From the judgment comes this appeal.

We have many times announced the rule that: " 'Counties, cities and towns, * * * are municipal corporations, created by the authority of the Legislature; and they derive all their powers from the source of their creation, except where the Constitution of the State otherwise provides.' " *Eagle et al* v. *Beard et al*, 33 Ark. 497, and in *Kitchens* v. *Paragould*, 191 Ark. 940, 88 S W 2d 843, we said: "We must say, when the issue is properly presented, whether legislation is in conflict with provisions of the Constitution. Ordinarily we look only to the statutes to determine what powers have been delegated to cities and towns. We regard as axiomatic that cities and towns are creatures of the Legislature, subject to its control, and that they can function only within the limits fixed by law. *Eagle* v. *Beard*, 33 Ark. 497."

*Section 41-3802, Ark. Stats.* (1947) enacted more than a century ago, provides: "Keeping store or doors open on Sunday—Penalty.—Every person who shall, on Sunday, keep open any store or retail any goods, wares and merchandise, or keep open any dram shop or grocery, or who shall keep the doors of the same so as to afford ingrees (ingress) or egrees (egress), or retail or sell any spirits or wine, shall, on conviction thereof, be

fined in any sum not less than twenty-five ($25) dollars, nor more than one hundred dollars ($100). (Rev. Stat. ch. 44, div. 7, art. 2, § 5; Act. March 2, 1885, No. 33, § 2, p. 37; C. & M. Dig., § 2736; Pope's Dig., § 3421.)''

This section of the statute was held constitutional by this court in *Shover* v. *State,* 10 Ark. 259. Its terms are so plain and understandable that no judicial construction is required.

Keeping open ''any store or retail any goods, wares and merchandise, or keep open any dram shop or grocery,'' is obviously forbidden. It could make no difference whether the grocery store, in the present case, was operated by the owner, with or without the assistance of one or more employees, the Legislative mandate prohibits it.

We think it obvious from the mere reading of the ordinance that it is void for the reason that it attempts, in effect, to permit grocery stores employing less than two people to open and operate on Sunday. The ordinance is in the very teeth of the statute and therefore void. It does not follow, however, that the judgment of the trial court should be affirmed.

The Municipal Court had jurisdiction of the charges against appellee under the above provision of our State law and it could make no difference that the Ordinance under which he was prosecuted and convicted was void as inconsistent with the above statute.

'' 'Though a town ordinance under which defendant was prosecuted * * * was void as inconsistent with the state law, a conviction in the mayor's court must stand, where the crime charged was covered by a statute, since the mayor had jurisdiction as justice of the peace to enforce the statute.' To the same effect, see, also, Marianna v. Vincent, 68 Ark. 244, 58 S. W. 251; Watts v. State, 160 Ark. 228, 254 S. W. 486; Fly v. Fort Smith, 165 Ark. 392, 264 S. W. 840; Wilson v. Batesville, 179 Ark. 1094, 20 S. W. 2d 114,'' *Thompson* v. *City of Little Rock,* 194 Ark. 78, 105 S. W. 2d 537.

In *Marianna* v. *Vincent,* supra, this court held: (Headnote) ''Defendant was charged before the mayor

of an incorporated town with selling liquor without license, and convicted of violating a town ordinance prohibiting the sale of liquor without license. On appeal to the circuit court he was discharged on the ground that the ordinance under which he was convicted was void. On appeal to the supreme court, held that, whether the ordinance in question was void or not, the mayor, having the same criminal jurisdiction as a justice of the peace (Sand. & H. Dig., § 5256), had jurisdiction to try him for a violation of Sand. & H. Dig., § 4862, making it a misdemeanor to sell liquor without a license," and in the body of the opinion, it was said: "The mayor having once obtained jurisdiction, the case should not have been subsequently dismissed for want of jurisdiction by the circuit court, merely on mistakes of law made by the mayor, or for any other irregularity; but it should have proceeded to try the case de novo, and render such judgment, as was proper therein. The judgment of dismissal is therefore reversed, and the cause is remanded for further proceedings not inconsistent herewith."

So here, in the circumstances, the Circuit Court, on appeal, should have proceeded to try the charges against appellee *de novo* and render such judgment as was proper.

For the error indicated, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

GRIFFIN SMITH, C. J. and Justices McFADDIN and GEORGE ROSE SMITH concur.