The Honorable J. Sturgis Miller State Representative and Chairman Legislative Joint Auditing Committee State Capitol, Room 172 Little Rock, Arkansas 72201-1099
Dear Representative Miller:
This is in response to your request for an opinion on three questions concerning the expenditure of public funds by the City of Wynne, Arkansas. Specifically, you indicate that a recent audit of the City by the Division of Legislative Audit noted certain expenditures that were in apparent conflict with constitutional provisions as interpreted by Op. Att'y Gen. 91-410 (copy enclosed). Specifically, the City made expenditures for an employee Christmas dinner, employee picnic, employee Christmas gifts, flowers for employees and others, and donations to certain private organizations. The City had passed an ordinance (No. 532) authorizing an annual "employee apprecition [sic] picnic," the giving of hams at Christmas to its employees, and "token cash disbursements to long, faithful employees." The ordinance states that these actions are taken to "encourage, foster and maintain employee loyalty and good performance" and to "maintain the good morale of . . . employees and to continue to encourage and foster loyalty, longevity and good job performance."
Your three questions relating to these facts are as follows:
 1. May a city council or a quorum court approve expenditures that conflict with the Arkansas Constitution?
 2. May a city council or a quorum court, by ordinance or otherwise, approve expenditures that are not for a "public purpose?"
 3. May a city council approve expenditures for an employee Christmas dinner, employee picnic, employee Christmas gifts, flowers for employees and others, and donation to nonprofit organizations?
The answer to your first question is of course "no." See generally,
Arkansas Constitution, Amendment 55, § 1(a); A.C.A. §§ 14-55-101 and 102; and City of Hot Springs v. Gray, 215 Ark. 243, 219 S.W.2d 930 (1949). The real issue is whether particular expenditures do indeed conflict with the constitution.
The answer to your second question is likewise "no," due to the broad "public purpose doctrine" referred to in Op. Att'y Gen. 91-410 and discussed more fully in Op. Att'y Gen. 91-411. Additionally, with regard to cities of the first class such as the City of Wynne, A.C.A. §14-58-303 requires that city expenditures be for "public purposes" and for undertakings of a "public nature." Again, the pertinent question is whether certain expenditures are truly for a "public purpose."
In response to your third question, most of the issues raised have been previously answered by Op. Att'y Gen. 91-410. That opinion notes the factual nature of the inquiry with regard to each expenditure, but concludes generally that expenditures for Christmas or other parties, Christmas or other gifts, and flowers for employees and others would generally run afoul of constitutional and statutory law. These expenditures, as noted in Opinion 91-410, should be paid for with private funds. As noted, however, the particular facts must be examined in each instance. For example, I have recently opined that a county expenditure for an annual cash "outstanding service award" to be given to one or more employees is not clearly prohibited by law, as long as all relevant appropriation requirements have been met. See Op. Att'y Gen. 94-298. This opinion noted the factual nature of the inquiry, however.
In sum, therefore, the ultimate issue is one of fact. Certain expenditures made to "foster morale and encourage good job performance" may be acceptable. Mention is made in Opinion 91-410 and 94-298 of "plaques" and certificates of appreciation" as being acceptable expenditures, and an "outstanding service award" such as the one at issue in Opinion 94-298, depending upon the facts, may be acceptable. At some point, however, expenditures may begin to fall toward the other end of the spectrum as impermissibly inuring to the benefit of private individuals. It is my opinion, as stated previously, that expenditures for the items referred to in your third question fall toward this end of the spectrum. It is therefore my opinion that the answer to your third question is "no."
As a final note, in response to that part of your third question relating to donations to nonprofit organizations, this office has consistently held that such "donations" are impermissible under Arkansas Constitution, art. 12, § 5. See, e.g., Op. Att'y Gen. 92-099.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh